UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| AMY C. TAIT & <br> CHRISTOPHER L. STRECKER, <br> Co-Personal Representatives of the Estate of <br> MICHAEL T. STRECKER, <br><br> Plaintiffs <br><br> v. <br><br> LAKE REGION SCHOOL DISTRICT <br> (M.S.A.D. #61), ALAN SMITH, and <br> JESSICA DAGGETT (AKA "JESSICA K. <br> DIABIASE"), <br><br> Defendants. | Case No. 2:23-cv-00329-LEW |

### DEFENDANTS LAKE REGION SCHOOL DISTRICT AND ALAN SMITH'S REPLY IN SUPPORT OF MOTION TO DISMISS

Plaintiffs' Opposition to the School Defendants' Motion to Dismiss (ECF Doc. 14) confirms that their claims against the School Defendants are really an attempt to impose vicarious liability upon the School Defendants for the conduct of Defendant Daggett.  Their Opposition does not offer a reasoned argument either that the School Defendants' own conduct (the planning and preparation of the Senior Awareness Trip) constituted a constitutional violation, or that the School Defendants may be liable under *Monell* for the conduct of Defendant Daggett.  Their Opposition also suffers from additional shortcomings, which this reply will briefly address.

First, Plaintiffs repeatedly assert that the School Defendants' policies and practices relative to the Senior Awareness Trip are "conscience-shocking."  *E.g.*, ECF Doc. 14 at 8-10, PageID # 95-97.  This conclusory argument is simply not supported by the facts alleged in the Complaint, even at this preliminary stage – as, indeed, Plaintiffs impliedly recognize when they allege that the policies reflected "condoned negligence."  ECF Doc. 1, PageID # 22 (Compl. ¶ 120).

1

To be sure, Plaintiffs take a run at arguing that the way the trip was run shocks the conscience, ECF Doc. 14 at 12, PageID # 99, but having pled that it had been held for some twenty years apparently without incident, it is crystal clear that the School Defendants' alleged failure to put into place various safety precautions was not "so disproportionate to the need presented, and so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience." *Harron v. Town of Franklin*, 660 F.3d 531, 536 (1st Cir. 2011).

Thus, to the extent that the tragedy underlying this case involves any constitutional violations, such can only be based on Daggett's conduct in urging Decedent to continue up the mountain despite his physical distress. But in its multiple pages of *Monell* analysis, Plaintiffs' Opposition does not even attempt to explain how Daggett's conduct may be legally attributed to the School Defendants under *Monell*. ECF Doc. 14 at 11-15, PageID # 98-102. Instead, the Opposition merely insinuates that the "school" is responsible for "berat[ing]" or "coerc[ing]" Decedent. ECF Doc. 14 at 10, PageID # 97. But *Monell* could not be clearer: Daggett's conduct may not be automatically attributed to the School Defendants. The Court must be careful to distinguish between those acts that may be attributed to the School Defendants (such as its policies surrounding the Senior Awareness Trip) and those that may not (such as Daggett's statements to Decedent during the hike).

Next, while Plaintiffs properly acknowledge that a *Monell* claim has two elements – (i) an identifiable constitutional violation, and (ii) a governmental policy or custom that supports municipal liability for the identified constitutional violation – they misunderstand how the state-created danger theory fits into that framework. As this Court itself recognized in *Abdisamad*, a state-created danger claim is a way of showing the <u>first</u> element (a constitutional violation), not the second. *Abdisamad v. City of Lewiston*, No. 2:19-CV-00175-LEW, 2019 WL 3307039, at *3

& n.7 (D. Me. July 23, 2019). In other words, the state-created danger theory cannot support a claim that a municipality "created" a danger simply by employing a person who ultimately commits a constitutional violation – that would be vicarious liability by another name, and would completely swamp *Monell*. Thus, whether Plaintiffs' claims against Daggett are properly characterized as "state-created danger claims" or another type of due process claim, there must still be some basis for charging the School Defendants for that conduct under *Monell*. Plaintiffs have offered none.

Finally, to the extent that Plaintiffs are suggesting that their claims against the School Defendants may not be dismissed if the Complaint is deemed to plausibly state a claim against Defendant Daggett in her individual capacity, they are mistaken. *See* ECF Doc. 14 at 1 n.1, PageID # 88-89 (noting that Plaintiffs are bringing claims against the School Defendants and Defendant Daggett, and then stating that "th[e] Court need only decide whether *any one* of Plaintiffs' claims is properly pleaded"). Plaintiffs write, "[the] Complaint alleges alternative claims against: Defendant M.S.A.D. #61 (*Monell*); Defendants Alan Smith and Jessica Daggett in their official capacities (*Monell*); and Defendants Alan Smith and Jessica Daggett, individually (state claims)." ECF Doc. 14 at 1 n.1, PageID # 88. At the same time, Plaintiffs write in their Opposition to Defendant Daggett's Motion to Dismiss (ECF Doc. 15) that they are attempting to bring constitutional claims against her individually.

Plaintiffs' imprecision in pleading does not affect the resolution of the School Defendants' motion. A *Monell* claim is a Section 1983 claim. A Section 1983 claim brought against an individual in their official capacity "is tantamount to a suit against the entity of which the official is an agent." *Burrell v. Hampshire Cty.*, 307 F.3d 1, 7 (1st Cir. 2002). Thus, any Section 1983 against Defendant Daggett or Superintendent Smith in their official capacities is simply another version of a *Monell* claim against MSAD # 61 itself. Regardless of whether Plaintiffs have

3

adequately pleaded a constitutional claim against Defendant Daggett in her individual capacity, their claims against the School Defendants are assessed under *Monell*, and should be dismissed.


Dated: January 8, 2024 */s/ Melissa A. Hewey*
Melissa A. Hewey
Oliver M. Walton
**DRUMMOND WOODSUM**
84 Marginal Way, Suite 600
Portland, Maine 04101-2480
(207) 772-1941
mhewey@dwmlaw.com