UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| AMY C. TAIT and CHRISTOPHER L. STRECKER, Co-Personal Representatives of the Estate of MICHAEL T. STRECKER, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-00329-LEW |
| | ) | |
| LAKE REGION SCHOOL DISTRICT (M.S.A.D. #61), ALAN SMITH, and JESSICA DAGGETT, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **PROCEDURAL ORDER**

Michael Strecker tragically died while participating in a senior class hike sponsored by the Lake Region School District. In this action, his parents, Amy Tait and Christopher Strecker ("Plaintiffs"), allege that Michael's death was the result of the School District, Superintendent Alan Smith, and teacher Jessica Daggett's ("Defendants") violation of Michael's constitutional rights. The matter comes before the Court on the Defendants' motions to dismiss the constitutional claims with prejudice and to dismiss pendent state law claims for lack of subject matter jurisdiction. Mot. to Dismiss of Def. Lake Region Sch. Dist. and Alan Smith (ECF No. 10); Def. Jessica Daggett's Mot. to Dismiss (ECF No. 13). For reasons that follow, Plaintiffs are required to file an amended complaint before I rule on any motion to dismiss.

The defendants filed their motions to dismiss based, in part, on the presumption that the complaint exclusively sets forth municipal liability claims, since the relevant count heading (count five) suggests that the individual defendants are sued only in their official capacities. The defendants' presumption is particularly understandable insofar as Superintendent Smith is concerned. The complaint recites only municipal liability claims against Superintendent Smith to my reading. The complaint does not suggest that Superintendent Smith was present for the hike or exercised any supervisory authority to condone or authorize the treatment of Michael during the hike. As for Daggett, on the other hand, the presumption is unwarranted, although it is understandable why counsel have proceeded on that basis.

In count five of Plaintiffs' complaint—the one federal claim asserted against all three defendants and the only federal claim asserted against the individual defendants—Plaintiffs allege a failure to protect and a state-created danger and cite the Fourteenth Amendment's Due Process Clause. Beneath the heading for count five, Plaintiffs state that the claim is asserted against Smith and Daggett "acting in an official capacity." Compl. p.25. In contrast, when setting forth the state law claims in counts six and seven,[1] Plaintiffs state that the claims asserted against Smith and Daggett are asserted "individually."[2] *Id.* pp.29, 31. Furthermore, Plaintiffs do not request an award of punitive damages, which is

---

[1] Plaintiffs' seventh count is actually mislabeled as a second count six.

[2] Why counsel would assert that a state law tort claim against an individual defendant is asserted "individually" is a mystery. How else would a state law tort claim be asserted against an individual defendant? This paradoxical use of "individually" for the state law claims is inexplicable unless it is meant to draw a distinction to the "official capacity" federal claims.

curious given their allegations that Daggett's conduct was atrocious and utterly intolerable.[3]

"Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690, n.55 (1978)).  More particularly, an official-capacity suit "is *not* a suit against the official personally, for the real party in interest is the entity." *Id.* at 166.  Consequently, when Plaintiffs state in the heading of count five that Mr. Smith and Ms. Daggett are sued for "acting in an official capacity," and particularly when Plaintiffs oddly assert the claim not only against the individuals but also against the School District, any experienced civil rights defense lawyer will understand this as an expression of an official-capacity claim against the entity rather than a personal-capacity claim.  This understanding is doubly logical when the Plaintiffs elsewhere purport to assert state law claims against the same defendants "individually," as occurred here in counts six and seven.

Nevertheless, as to Daggett specifically, Plaintiffs elsewhere allege that Daggett's conduct "was outrageous and extreme in that it exceeded all possible bounds of decency, and is conduct that a reasonable person would regard as atrocious and utterly intolerable." Compl. ¶159.  They also allege that Daggett "violated clearly established law that her

---

[3] Plaintiffs do not articulate a request for any relief other than monetary damages, costs, interest, and attorney's fees, although the conclusion of the complaint ends with a generic request for "any other relief the Court deems just and equitable."  Compl. p.32.  Courts are not in the practice of awarding relief to a plaintiff that is not requested in the complaint.  Plaintiffs' request for "other relief" does not amount to a request for an exemplary damages award against the individual defendants acting in their individual or personal capacities.

actions were unconstitutional," *id.* ¶163, thereby apparently anticipating a qualified immunity defense, something that would not be of concern in a pure municipal liability scenario. *See Walden v. City of Providence, R.I.*, 596 F.3d 38, 55 n.23 (1st Cir. 2010) ("Unlike individual defendants, municipalities are not entitled to qualified immunity."). These latter allegations suggest an intention to assert a personal capacity claim, minimally, against Daggett. Furthermore, the Court does not need to rely exclusively on inferential reasoning. Plaintiffs state in the introduction of their complaint that the claims against Daggett and Smith are based on "two tracks of liability." Compl. p.2. The first track is municipal liability for official acts; the second is based on "damages arising out of the bad acts of Defendants Daggett and Smith in their respective, personal capacities." *Id.*[4]

In *Powell v. Alexander*, the First Circuit prescribed a "course of proceedings" test to determine in ambiguous situations whether a complaint asserts official capacity claims, personal capacity claims, or both. 391 F.3d 1, 22 (1st Cir. 2004).

> Under the "course of proceedings" test, courts are not limited by the presence or absence of language identifying capacity to suit on the face of the complaint alone. Rather, courts may examine "the substance of the pleadings and the course of proceedings in order to determine whether the suit is for individual or official liability."

*Id.* (quoting *Pride v. Does*, 997 F.2d 712, 715 (10th Cir. 1993)). Relevant factors include "the nature of the plaintiff's claims, requests for compensatory or punitive damages, and

---

[4] I also observe that, in relation to the retention of counsel, the defendants have proceeded with an understanding that the School District and Superintendent Smith represent one block of defendants for purposes of legal liability and that Ms. Daggett represents a separate block, presumably due to her direct participation in events. It is for this reason that counsel for the School District and Superintendent Smith filed one motion to dismiss and counsel for Ms. Daggett filed another motion to dismiss.

the nature of any defenses raised in response to the complaint, particularly claims of qualified immunity." *Id.* (quoting *Moore v. City of Harriman,* 272 F.3d 769, 772 n. 1 (6th Cir. 2001)). Where, as here, the case is still at the pleadings stage, a court may also consider "whether amendment of the complaint may be appropriate." *Id.*

In this case, given the recitation on page two of the introduction of the complaint, it is evident that Plaintiffs intend to put forward both official capacity claims and personal capacity claims against the individual defendants. Nonetheless, the complaint is defective insofar as it fails to include a specific count or counts directed at the individual defendants for personal capacity claims under 42 U.S.C. § 1983. Personal-capacity claims are individualized claims and personal-capacity liability requires an individualized examination of the facts asserted against each individual defendant. Plaintiffs' complaint should include a personal capacity § 1983 claim for each individual defendant if that is what is intended.

In short, although not fatally flawed, the complaint was not artfully drawn and is not a model for civil rights practitioners to follow. I can understand and appreciate why defense counsel proceeded as they did in their motions. However, the way matters have unfolded, I now have before me a motion to dismiss (Daggett's motion) that raises important argument only in reply. Plaintiffs need to be heard on that argument. But as importantly, Plaintiffs need to file an amended complaint that sets forth all of their counts coherently. Evidently, when they do so the pleadings will include specific, personal liability allegations directed not only at Ms. Daggett, but also at Superintendent Smith.

5

Accordingly, Plaintiffs are ORDERED to file an amended complaint. Because it is anticipated that the amended complaint will assert new counts containing a personal capacity § 1983 claim against each individual defendant, I anticipate that Defendants will file new motions to dismiss related to those claims. Assuming the amended complaint's allegations and counts involving the municipal claims against the School District and Superintendent Smith in his official capacity remain the same, I am satisfied that the current briefing as to those claims is sufficient to permit me to enter a ruling.

## CONCLUSION

Because the briefing schedule involves a do-over, the following truncated briefing schedule will apply, contrary to Local Rule 7 but without prejudice to the parties' ability to request an extension. Plaintiffs will file an amended complaint within 14 days of this Order. Defendants will have 14 days following the filing of the amended complaint to file new motions to dismiss. Assuming that the tenor of the municipal liability claims remains the same, Defendants may incorporate by reference their prior motions and the Court will not hear further from Plaintiffs on the municipal liability claims. Plaintiffs will file their objections to the motions within 14 days of the filing of each respective motion. Defendants will file their replies within 7 days of each respective objection.

SO ORDERED.

Dated this 4th day of March, 2024

 /s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE